UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CIVIL ACTION NO.: 9:21-cv-82024-CANNON**

_____

FRANCISCO IRIZARRY,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES
OF MINNESOTA, INC. d/b/a FINANCIAL
RECOVERY SERVICES, INC.,

    Defendant.
_____

**CIVIL ACTION NO.: 9:21-cv-82024-CANNON**
_____

AURORA CARAZA,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES
OF MINNESOTA, INC. d/b/a FINANCIAL
RECOVERY SERVICES, INC.,

    Defendant.
_____

**CIVIL ACTION NO.: 0:21-cv-62274 -GAYLES**
_____

MICHELE CINTRON,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES
OF MINNESOTA, INC. d/b/a FINANCIAL
RECOVERY SERVICES, INC.,

    Defendant.

## DEFENDANT'S NOTICE OF PENDING, REFILED, RELATED OR SIMILAR ACTIONS

Defendant Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc. ("FRS") submits this notice pursuant to Local Rule 3.8 and the District's Internal Operating Procedure ("IOP") 2.15.00. FRS asserts that the above captioned matters are related or similar actions and request that the assigned Judges agree to assign the three matters to Judge Cannon, as the Irizarry matter pending before Judge Cannon is the earlier filed case and thus deemed the lowered-numbered file for purposes of reassignment.[1] In support of this notice, FRS states the following:

Plaintiff Irizarry filed the lawsuit on September 13, 2021 in the County Court of the Fifteenth Judicial Circuit for Palm Beach County. Plaintiff Irizarry served FRS on October 14, 2021. FRS removed this matter to this Court on November 3, 2021. In the 40-paragraph complaint, Plaintiff Irizarry claims that FRS violated the FDCPA and FCCPA because it allegedly sent debt information to a third-party letter vendor and likely to other vendors. (Compl. ¶¶ 20-32.) Plaintiff Irizarry's lawsuit is based upon the recent 11th Circuit Court of Appeals decision in *Hunstein v. Preferred Collection & Management Services*. (*Id.* ¶ 28.)

Similarly, on September 26, 2021 and July 16, 2021, counsel for Plaintiff Irizarry filed two identical claims for other consumers, the prior being for Aurora Caraza and filed in County Court of the Fifteenth Judicial Circuit for Palm Beach County and the latter for Michele Cintron and filed

---

[1]     Judge Cannon is already assigned the Irizarry and Caraza lawsuits.

in County Court of the Seventeenth Judicial Circuit for Broward County. FRS was served in both of those matters on October 14, 2021. FRS removed the Caraza and Cintron matters on November 3, 2021 to this district. FRS has filed an answer in both. The complaints filed in Caraza and Cintron contain the same number of paragraphs (40) and make the same allegations regarding the alleged improper transmission of information to vendors. (Compls. ¶¶ 20-32.) And as in the Irizarry matter, the Caraza and Cintron matters rely upon the *Hunstein* decision. (*Id.* ¶ 28.) In fact, the only thing that appears different in each of the three complaints, other than the name of the plaintiff, is the name of the creditor to whom each plaintiff allegedly owed money. Otherwise, the claims, alleged actions and damages are apparently identical.

Local Rule 3.8 provides the following:

> It shall be the continuing duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures, as well as the existence of any similar actions or proceedings then pending before another court or administrative agency. Such notice shall be given by filing with the Court and serving a "Notice of Pending, Refiled, Related or Similar Actions," containing a list and description thereof sufficient for identification.

IOP 2.15.00 provides the following:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action.

Finally, IOP 2.06.00 provides that "the "lower-numbered" case refers to the earlier-filed case.

With regard to the three actions referenced above, the plaintiffs are represented by the same firm, FRS is the defendant in all three actions and has the same counsel in all three actions, and the legal theories are identical. In fact, all three complaints are essentially identical. Thus, keeping the three matters with two Judges would likely "entail the unnecessary duplication of judicial labor if heard by" different judges. (IOP 2.15.00.) Thus, FRS requests that the Cintron matter also be assigned to Judge Cannon.

        THE LAW OFFICES
          OF RONALD S. CANTER, LLC

        /s/ Ronald S. Canter
        Ronald S. Canter, Esquire, Bar #335045
        200A Monroe Street, Suite 104
        Rockville, Maryland 20850
        Telephone: (301) 424-7490
        Facsimile:  (301) 424-7470
        E-Mail: rcanter@roncanterllc.com

        400 S. Dixie Hwy #322
        Boca Raton, Florida 33432
        *Local Address*

        *Attorney for Defendant*

-5-

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by electronic notification via CM/ECF system on this 10th day of November, 2021 to:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street Suite 1744
Fort Lauderdale, FL 33301
tom@jibraellaw.com
jibrael@jibraellaw.com
*Attorneys for Plaintiff*

      /s/ Ronald S. Canter
      Ronald S. Canter, Esquire
      *Attorney for Defendant*